Anna Reeves Olson, 6-3692
PARK STREET LAW OFFICE
242 S. Park Street
Casper, Wyoming 82601
(307) 265-3843
(307) 235-0243 *facsimile*
aro@parkstreetlaw.com

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| QUEST HOLDCO, LLC | ) | |
| | ) | Case Number: |
| Plaintiff, | ) | |
| | ) | Campbell County Civil Action No. 39666 |
| vs. | ) | |
| | ) | |
| SCOTT BUSHKIE and | ) | |
| CORNERSTONE BUSINESS | ) | |
| SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' NOTICE OF REMOVAL

TO:    PLAINTIFF AND HIS ATTORNEY OF RECORD,
        AND THE CLERK OF COURT

        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446 Defendants Scott

Bushkie and Cornerstone Business Services, Inc., hereby remove the above-entitled cause of action

from the Sixth Judicial District Court, Campbell County, Wyoming to the United States District

Court for the District of Wyoming, based on the following grounds:

    1.    This action has been removed to Federal Court based on the following jurisdictional

          basis: diversity of citizenship pursuant to 28 U.S.C. § 1332.

2.      Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached and constitutes all process, pleadings and orders served upon Defendants in such action.  *See* Exhibit 1.

3.      Defendants were served with the Summons and Complaint on February 22, 2021. This Notice of Removal is being filed within thirty (30) days of service and is timely pursuant to 28 U.S.C. § 1446(b).

4.      Pursuant to 28 U.S.C. § 1332(a), the United States District Court for the District of Wyoming has jurisdiction for removal of this state action because the lawsuit is comprised entirely of a civil nature, is an action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interests and costs.  *See* Complaint at ¶5 (matter in controversy exceeds $50,000); *id.* at ¶¶57-62 (Plaintiff alleges aiding and abetting fraud); *id.* at ¶52 (Plaintiff alleges that Defendants received $520,000 from the underlying transaction); *id* at ¶64 (Plaintiff's claim for unjust enrichment seeks disgorgement of the benefit received by Defendants in ¶64); *id.* at 9, ¶B (request for punitive damages); *id.* at 9, ¶C (request for attorneys' fees).

5.      There is complete diversity of citizenship between the Plaintiff and all Defendants. The Plaintiff is a Delaware Limited Liability Company.  *See* Complaint at ¶1.

6.      Plaintiff's manager/member, Gardner Standard Management, LLC, is a citizen of Minnesota. *See*, Plaintiff SEC Filing, attached as Exhibit 2.

7.      Defendants are residents of Wisconsin.  *See* Complaint at ¶¶2-3.

8.      Thus, the controversy herein between the Plaintiff and the Defendants is a controversy between citizens of different states.

WHEREFORE, Defendants pray that this case proceeds in the United States District Court for the District of Wyoming as an action properly removed thereto.

**DATED** this 12th day of March 2021.

/Anna Reeves Olson_____
Anna Reeves Olson, #6-3692
PARK STREET LAW OFFICE
242 So. Park Street
Casper, Wyoming 82601
(307) 265-3843
(307) 235-0243 *facsimile*
aro@parkstreetlaw.com

## CERTIFICATE OF SERVICE

The undersigned does certify that a true and correct copy of the foregoing was correctly addressed and served in the following manner on this 12th day of March 2021.

Ryan W. McGrath                           ☒ U.S. Mail
400 South Douglas HWY                ☐ Hand Delivered
Gillette, Wyoming 82716               ☐ Overnight
ryan@hhmattorneys.com              ☐ ECF
                                                       ☒ Email

Clerk of District Court, Campbell County   ☒ U.S. Mail
P.O. Box 817                                          ☐ Hand Delivered
Gillette, Wyoming 82717                        ☐ Overnight
                                                              ☐ ECF
                                                              ☐ Email

/Anna Reeves Olson_____
Anna Reeves Olson

**EXHIBIT 1** - REMOVAL
HHM

IN THE DISTRICT COURT
WITHIN AND FOR CAMPBELL COUNTY
SIXTH JUDICIAL DISTRICT
STATE OF WYOMING

QUEST HOLDCO, LLC,

    Plaintiff,

vs

    Civil Action No. 39666

SCOTT BUSHKIE and
CORNERSTONE BUSINESS
SERVICES, INC.

    Defendants.

---

## SUMMONS

---

To the above-named Defendant:    Scott Bushkie

        YOU ARE HEREBY SUMMONED and required to file with the Clerk and serve upon the Plaintiff's attorney, an answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. (If service upon you is made outside of the State of Wyoming, you are required to file and serve your answer to the Complaint within 30 days after service of this Summons upon you, exclusive of the day of service.) If you fail to do so, Judgment by default will be taken against you for the relief demanded in the Complaint.

        DATED this _____ 17 _____ day of _____ February _____, 2021.

                       CHERYL CHITWOOD

                       Clerk of District Court

                       BY _____, Deputy
                       Deputy Clerk

HORNING, HORNING & McGRATH, LLC

By _____

Ryan W. McGrath WSB # 6-4487
400 South Douglas Highway
Gillette, WY 82716
(307) 686-3736
*Attorney for Plaintiff*

HHM

IN THE DISTRICT COURT
WITHIN AND FOR CAMPBELL COUNTY
SIXTH JUDICIAL DISTRICT
STATE OF WYOMING

**QUEST HOLDCO, LLC,**

Plaintiff,

vs

**SCOTT BUSHKIE** and
**CORNERSTONE BUSINESS
SERVICES, INC.**

Defendants.

Civil Action No. 39666

FILED
CAMPBELL COUNTY, WYOMING

FEB **1 6** 2021

DEPUTY CLERK OF THE DISTRICT COURT

## COMPLAINT

Plaintiff Quest HoldCo, LLC ("Plaintiff" or "Quest"), by and through its counsel, Horning, Horning & McGrath, LLC, hereby submits its Complaint against Scott Bushkie and Cornerstone Business Services, Inc., a Wisconsin corporation ("Cornerstone") (collectively "Defendants"), and states as follows:

### PARTIES

1.  Plaintiff is a Delaware limited liability company.

2.  Cornerstone is a Wisconsin corporation with its principal office located at 200 S. Washington St., Suite 401, Green Bay, WI 54301.

3.  Bushkie is a Wisconsin resident and is Cornerstone's owner, manager, and principal.

### JURISDICTION AND VENUE

4.  Venue is proper in this Court pursuant to W.S. § 1-5-108.

5.     The amount in controversy in this matter exceeds $50,000.00 and this Court has subject matter jurisdiction pursuant to Article 5, Section 10, of the Constitution of the State of Wyoming.

## FACTS

6.     Jedidiah Houghton, Kasey Houghton, and Joshua Houghton sold their ownership interests in Line Finders, Inc. (the "Company"), a Wyoming corporation, to Plaintiff on or about May 22, 2014 (the "Transaction").

7.     Defendants were the Houghtons' agents in the Transaction.

8.     For its services, the Houghtons agreed to pay Defendants: (1) a $9,500.00 engagement fee; (2) $1,000 per month as a marketing fee; and (3) a "success fee" depending on the sales price of the business.

9.     In mid-2013, Plaintiff expressed to Defendants that Plaintiff was interested in buying the Company.

10.     In response, Defendants undertook to provide Plaintiff with material information about the Company, to induce Defendants to make a purchase offer.

11.     Defendants repeatedly supplied Plaintiff with materially false information and continually concealed material information from Plaintiff, most critically with respect to the strength of the Company's relationship with its largest customer, Hess Corporation ("Hess").

12.     At the beginning of their solicitation of Plaintiff's investment, Defendants made numerous representations to the effect that the Company's relationship with Hess was strong and growing.

2

13.     This information was essential to Plaintiff's investment decision, as the Company had significant customer concentration and the Hess relationship represented a substantial portion of the Company's overall revenue.

14.     However, the Company's relationship with Hess materially deteriorated in February 2014.

15.     Defendants knew of this deterioration, but failed to update its prior representations to Plaintiff.

16.     To the contrary, Defendants assisted the Houghtons in concealing the facts about the Hess relationship from Plaintiff and, indeed, affirmatively represented to Plaintiff that the Company's relationship with Hess remained as strong as ever.

17.     In August 2013, Defendants represented to Plaintiff that Hess had significantly increased its budget in anticipation of needing a substantial increase of Company services in spring 2014.

18.     In that same conversation, Defendants touted to Plaintiff great reviews from Line Finders' customers, including Hess, and the impact this would have for future growth.

19.     The next month, Defendants reiterated to Plaintiff that Hess required increased services from the Company in 2014.

20.     In October 2013, Defendants provided Plaintiff with a three-year outlook showing explosive Company growth through 2016.

21.     Defendants also created a Confidential Information Memorandum ("CIM") that represented key information to Plaintiff, including the quality and growth potential of the Company's relationship with Hess.

22.     The CIM emphasized that Line Finders' relationship with Hess was strong, prominently displaying in multiple places a positive recommendation from Hess's representative, Charles Columbus.

23.     The CIM emphasized the growth opportunities available to the Company, which would be realized by leveraging the strength of the Hess relationship.

24.     Defendants provided the CIM to Plaintiff.

25.     Plaintiff relied on the CIM and Defendants' other representations when deciding to make an offer in October 2013 to purchase the Company.

26.     Ultimately, Plaintiff's offer was rejected.

27.     In the subsequent months, the Houghtons and Defendants engaged in two separate failed negotiations with two other buyers.

28.     Notwithstanding Defendants' efforts, by March 2014, the Company had not yet sold.

29.     By this point, Defendants had committed substantial resources assisting the Houghtons with selling the Company, only to see two deals fall through.

30.     The Houghtons could now terminate the contract it had with Defendants at any time.

4

31.    Defendants could not risk their contract being terminated before the Company was sold and thereby not receiving the success fee.

32.    Thus, Defendants approached Plaintiff in March 2014 to see if Plaintiff was still interested in buying the Company.

33.    Plaintiff had not had any contact with Defendants, the Company, or any of its representatives or agents since October 2013.

34.    Defendants represented to Plaintiff that, since October 2013, the Company was doing great and meeting its CIM projections.

35.    But Defendants were aware that, in February 2014, because of its dissatisfaction with the Company, Hess had begun to phase out Company work in several key areas with the intention of fully severing the relationship in the coming months.

36.    As a result, revenue from Hess substantially declined.

37.    Knowing none of this, and in reliance on Defendants' and the Houghtons' positive representations, Plaintiff stated that it was still interested in purchasing the Company.

38.    In fact, given the strong projections provided by Defendants, Plaintiff substantially increased its purchase offer.

39.    Defendants were especially motivated to provide misleadingly optimistic projections, because their agreement with the Houghtons entitled Defendants to a commission on unpaid earnouts—virtually unheard of in the industry—the calculation of which depended on the Company's projections.

5

40.     Defendants never gave Plaintiff the opportunity to uncover the problems with Hess on its own.

41.     In fact, Defendants assisted the Houghtons in blocking Plaintiff from speaking to Company clients prior to closing the Transaction, including Hess, with the intention of preventing Plaintiff from discovering material information that Defendants assisted the Houghtons with concealing.

42.     For instance, on March 20, 2014, Defendants stated that Plaintiff could not talk to Company clients—expressly referencing Hess—until "the end of the process" but specifically represented that there were "no issues with the [Hess] relationship."

43.     Relying on that representation, Plaintiff agreed to wait until "the end of the process" to speak with Hess.

44.     On April 22, 2014, the Houghtons again instructed Defendants that they did not want Plaintiff "talk[ing] with any of our clients."

45.     Defendants abided by the Houghtons' instructions, despite knowing that customer conversations would have informed Plaintiff of the material problems the Company was having with its largest customers, including Hess.

46.     In fact, Defendants, as experienced merger and acquisition brokers, testified at trial that they knew that Plaintiff would not have been able to uncover the Company's deteriorating customer relationships from due diligence that Defendants had provided.

6

47.     And Defendants testified at trial that they knew that the CIM should have been updated if there were any material changes in the Company.

48.     Defendants acknowledged that the deteriorating relationship between Hess and the Company was a material change.

49.     In addition to providing false information to Plaintiff, Defendants hand-picked the lawyer, William Woodward, the Houghtons used in the Transaction.

50.     Defendants then proceeded to have secret back-channel conversations with that lawyer about, among other things, Defendants' compensation and material revisions to contracts to buy the Company.

51.     In reliance on the Houghtons' false representations and fraudulent concealment, which Defendants substantially assisted, Plaintiff closed on the Transaction.

52.     Defendants received approximately $520,000.00 from the Transaction.

53.     This represented over 25% of Cornerstone's revenue in 2014.

54.     Plaintiff has obtained a judgment against the Houghtons in the State of Wyoming, Campbell County District Court, finding that they fraudulently misrepresented and concealed material information about the Company in order to induce Plaintiff into completing the Transaction (Civil Action No. 36833) ("Judgment").

55.     The Judgment, entered jointly and severally against the Houghtons, awards Quest $1,889,923.00 in damages, along with 10% interest, and attorney fees

7

and costs, finding that the Houghtons committed several acts of fraud in connection with the Transaction.

56.    It was at the trial, conducted November 16-18, 2020, that Plaintiff learned for the first time facts giving rise to the claim asserted herein.

## FIRST CLAIM FOR RELIEF
### (Aiding and Abetting Fraud against Defendants)

57.    Plaintiff repeats and realleges the foregoing allegations as if set forth fully herein.

58.    The Houghtons were found liable for defrauding Quest in the Transaction.

59.    Defendants were the Houghtons' agents in the Transaction.

60.    Defendants substantially assisted in the scheme to defraud Plaintiff by, among other things, concealing material information from Plaintiff and supplying Plaintiff with false information.

61.    Defendants knew that certain material information and representations they and the Houghtons made to Plaintiffs were false.

62.    Plaintiff has been harmed by Defendants aiding and abetting the Houghtons' fraud in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

63.    Plaintiff repeats and realleges the foregoing allegations as if set forth fully herein.

64.    Defendants were unjustly enriched at Plaintiff's expense under circumstances that make it unjust for Defendants to retain the benefit without paying.

65.    Plaintiff has been harmed by Defendants' unjust enrichment in an an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment and other orders in favor of Plaintiff and against the Defendants as follows:

A.  Enter judgment in favor of Plaintiff and against Defendants as set forth herein;

B.  Award Plaintiff damages, including punitive damages, for Defendants' fraudulent conduct as allowed by law;

C.  Award Plaintiff its reasonable attorney fees and costs incurred in pursuing this action in accordance with applicable law and such other and further relief as this Court deems just and proper.

DATED: February ____16____, 2021.


HORNING, HORNING & McGRATH, LLC

By: _____
        Ryan W. McGrath WSB # 6-4487
        400 South Douglas Highway
        Gillette, WY 82716
        (307) 686-3736
        Phone: (307) 686.3736

9

ALLEN VELLONE WOLF HELFRICH &
FACTOR P.C.

By: /s/ *Jordan Factor*
Jordan Factor (*Pro Hac Vice Motion to be Filed*)
Jeremy T. Jonsen (*Pro Hac Vice Motion to be Filed*)
1600 Stout Street, Suite 1900
Denver, CO 80202
Phone: (303) 534.4499
jfactor@allen-vellone.com
jjonsen@allen-vellone.com

ATTORNEYS FOR PLAINTIFF,
QUEST HOLDCO, LLC

**Plaintiff's Address**:
c/o Allen Vellone Wolf Helfrich & Factor P.C.
1600 Stout Street, Suite 1900
Denver, CO 80202

<u>EXHIBIT 2</u> - REMOVAL

# Form D Quest Holdco, Llc

## D - Notice of Exempt Offering of Securities

SEC.report (https://sec.report/)    /    QUEST HOLDCO, LLC (/CIK/0001609886)

/    Form D (/Document/0001609886-14-000001/)                                          /    (Filer)

Published: <u>2014-06-09 17:26:53 (2014-06-09T17:26:53-0400)</u>
Submitted: 2014-06-09
Filing Agent: QUEST HOLDCO, LLC (/CIK/0001609886)
Period Ending In: 2014-06-09

About Form D (/Form/D)

primary_doc.html 🔗 (https://sec.report/Document/0001609886-14-000001/primary_doc.html)

Zoom In    Zoom Out

>

# SEC FORM D

> The Securities and Exchange Commission has not necessarily reviewed the information in this filing and has not determined if it is accurate and complete.
> The reader should not assume that the information is accurate and complete.

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

Washington, D.C. 20549

**FORM D**

**Notice of Exempt Offering of Securities**

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0076 |
| Estimated average burden hours per response: | 4.00 |



## 1. Issuer's Identity

CIK (Filer ID Number)

Previous Names [X] None

Entity Type

0001609886 (/CIK/0001609886)

| X | Limited Liability Company |

Name of Issuer

QUEST HOLDCO, LLC

Jurisdiction of Incorporation/Organization

DELAWARE

Year of Incorporation/Organization

[X] Within Last Five Years (Specify Year) 2014

## 2. Principal Place of Business and Contact Information

Name of Issuer

QUEST HOLDCO, LLC

| Street Address 1 | | Street Address 2 | |
|---|---|---|---|
| C/O GARDNER STANDARD LLC | | 515 WASHINGTON AVENUE NORTH | |
| City | State/Province/Country | ZIP/PostalCode | Phone Number of Issuer |
| MINNEAPOLIS | MINNESOTA | 55401 | 612-339-2300 |

## 3. Related Persons

| Last Name | First Name | Middle Name |
|---|---|---|
| Gardner Standard Management, LLC | Gardner Standard Management, LLC | |

| Street Address 1 | Street Address 2 | |
|---|---|---|
| c/o Gardner Standard LLC | 515 Washington Avenue North | |
| City | State/Province/Country | ZIP/PostalCode |
| Minneapolis | MINNESOTA | 55401 |

Relationship: [X] Promoter

### Clarification of Response (if Necessary):

Managing Member of Issuer

| Last Name | First Name | Middle Name |
|---|---|---|
| Healy | Michael | |

| Street Address 1 | Street Address 2 | |
|---|---|---|
| c/o Gardner Standard LLC | 515 Washington Avenue North | |
| City | State/Province/Country | ZIP/PostalCode |
| Minneapolis | MINNESOTA | 55401 |

Relationship: [X] Executive Officer

### Clarification of Response (if Necessary):

Member of Managing Member of Issuer

## 4. Industry Group



[X] Pooled Investment Fund

    [X] Other Investment Fund

    Is the issuer registered as
    an investment company under
    the Investment Company
    Act of 1940?

| X | No |
|---|---|

Energy

## 5. Issuer Size

Revenue Range     OR         Aggregate Net Asset Value Range

[X] Decline to Disclose

## 6. Federal Exemption(s) and Exclusion(s) Claimed (select all that apply)

[X] Rule 506(b)

## 7. Type of Filing

[X] New Notice Date of First Sale 2014-05-22

## 8. Duration of Offering

Does
the
Issuer
intend
this
offering | X | No
to last
more
than
one
year?

## 9. Type(s) of Securities Offered (select all that apply)

[X] Equity

## 10. Business Combination Transaction

Is this offering being made in
connection with a business
combination transaction, such | X | Yes
as a merger, acquisition or
exchange offer?

## Clarification of Response (if Necessary):

## 11. Minimum Investment

Minimum investment accepted from any outside investor $0 USD

## 12. Sales Compensation

Recipient                                  Recipient CRD Number [X] None

(Associated) Broker or Dealer [X] None     (Associated) Broker or Dealer
                                           CRD Number [X] None

Street Address 1                           Street Address 2
City                                       State/Province/Country          ZIP/Postal Code
State(s) of Solicitation (select all that
apply)
Check "All States" or check individual
States

## 13. Offering and Sales Amounts

Total Offering Amount      $3,800,000 USD or
Total Amount Sold          $3,800,000 USD
Total Remaining to be Sold        $0 USD or

## Clarification of Response (if Necessary):

## 14. Investors

[ ] Select if securities in the offering have been or may be sold to persons who do not qualify as accredited investors, and enter the number of such non-accredited investors who already have invested in the offering.

Regardless of whether securities in the offering have been or may be sold to persons who do not qualify as accredited investors, enter the total number of investors who already have invested in the offering:   | 25 |

## 15. Sales Commissions & Finder's Fees Expenses

Provide separately the amounts of sales commissions and finders fees expenses, if any. If the amount of an expenditure is not known, provide an estimate and check the box next to the amount.

Sales Commissions $0 USD [ ] Estimate
Finders' Fees $0 USD [ ] Estimate

## Clarification of Response (if Necessary):

## 16. Use of Proceeds

Provide the amount of the gross proceeds of the offering that has been or is proposed to be used for payments to any of the persons required to be named as executive officers, directors or promoters in response to Item 3 above. If the amount is unknown, provide an estimate and check the box next to the amount.

$100,000 USD [ ] Estimate

## Clarification of Response (if Necessary):

## Signature and Submission

Please verify the information you have entered and review the Terms of Submission below before signing and clicking SUBMIT below to file this notice.

## Terms of Submission

In submitting this notice, each issuer named above is:

- Notifying the SEC and/or each State in which this notice is filed of the offering of securities described and undertaking to furnish them, upon written request, in the accordance with applicable law, the information furnished to offerees.*

- Irrevocably appointing each of the Secretary of the SEC and, the Securities Administrator or other legally designated officer of the State in which the issuer maintains its principal place of business and any State in which this notice is filed, as its agents for service of process, and agreeing that these persons may accept service on its behalf, of any notice, process or pleading, and further agreeing that such service may be made by registered or certified mail, in any Federal or state action, administrative proceeding, or arbitration brought against the issuer in any place subject to the jurisdiction of the United States, if the action, proceeding or arbitration (a) arises out of any activity in connection with the offering of securities that is the subject of this notice, and (b) is founded, directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these statutes, or (ii) the laws of the State in which the issuer maintains its principal place of business or any State in which this notice is filed.

- Certifying that, if the issuer is claiming a Regulation D exemption for the offering, the issuer is not disqualified from relying on Regulation D for one of the reasons stated in Rule 505(b)(2)(iii) or Rule 506(d).

Each Issuer identified above has read this notice, knows the contents to be true, and has duly caused this notice to be signed on its behalf by the undersigned duly authorized person.

For signature, type in the signer's name or other letters or characters adopted or authorized as the signer's signature.

| Issuer | Signature | Name of Signer | Title | Date |
|---|---|---|---|---|
| QUEST HOLDCO, LLC | /s/ Michael Healy | Michael Healy | Member of Managing Member | 2014-06-09 |

*Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB number.*

\* This undertaking does not affect any limits Section 102(a) of the National Securities Markets Improvement Act of 1996 ("NSMIA") [Pub. L. No. 104-290, 110 Stat. 3416 (Oct. 11, 1996)] imposes on the ability of States to

require information. As a result, if the securities that are the subject of this Form D are "covered securities" for purposes of NSMIA, whether in all instances or due to the nature of the offering that is the subject of this Form D, States cannot routinely require offering materials under this undertaking or otherwise and can require offering materials only to the extent NSMIA permits them to do so under NSMIA's preservation of their anti-fraud authority.

---

primary_doc.xml ⧉ (https://sec.report/Document/0001609886-14-000001/primary_doc.xml)

Schema Version: X0707

Submission Type: D

Test Or Live: LIVE

# Primary Issuer

**Cik** 0001609886

**Entity Name** QUEST HOLDCO, LLC

# Issuer Address

**Street1** C/O GARDNER STANDARD LLC

**Street2** 515 WASHINGTON AVENUE NORTH

**City** MINNEAPOLIS

**State Or Country** MN

**State Or Country Description** MINNESOTA

**Zip Code** 55401

**Issuer Phone Number** 612-339-2300

**Jurisdiction Of Inc** DELAWARE

**Issuer Previous Name List** None

**Edgar Previous Name List** None

**Entity Type** Limited Liability Company

# Year Of Inc

**Within Five Years** true

**Value** 2014

# Related Person Info



# Related Person Name

**First Name** Gardner Standard Management, LLC

**Last Name** Gardner Standard Management, LLC

# Related Person Address

**Street1** c/o Gardner Standard LLC

**Street2** 515 Washington Avenue North

**City** Minneapolis

**State Or Country** MN

**State Or Country Description** MINNESOTA

**Zip Code** 55401

**Related Person Relationship List Relationship** Promoter

**Relationship Clarification** Managing Member of Issuer

# Related Person Name

**First Name** Michael

**Last Name** Healy

# Related Person Address

**Street1** c/o Gardner Standard LLC

**Street2** 515 Washington Avenue North

**City** Minneapolis

**State Or Country** MN

**State Or Country Description** MINNESOTA

**Zip Code** 55401

**Related Person Relationship List Relationship** Executive Officer

**Relationship Clarification** Member of Managing Member of Issuer

# Offering Data

# Industry Group

**Industry Group Type** Pooled Investment Fund

# Investment Fund Info

**Investment Fund Type** Other Investment Fund

**Is40 Act** false

**Issuer Size Aggregate Net Asset Value Range** Decline to Disclose



**Federal Exemptions Exclusions Item** 06b

# Type Of Filing

**New Or Amendment Is Amendment** false

**Date Of First Sale** 2014-05-22

**Duration Of Offering More Than One Year** false

**Types Of Securities Offered Is Equity Type** true

# Business Combination Transaction

**Is Business Combination Transaction** true

**Minimum Investment Accepted** 0

# Offering Sales Amounts

**Total Offering Amount** 3800000

**Total Amount Sold** 3800000

**Total Remaining** 0

# Investors

**Has Non Accredited Investors** false

**Total Number Already Invested** 25

# Sales Commissions Finders Fees

**Sales Commissions Dollar Amount** 0

**Finders Fees Dollar Amount** 0

# Use Of Proceeds

**Gross Proceeds Used Dollar Amount** 100000

# Signature Block

**Authorized Representative** false

# Signature

**Issuer Name** QUEST HOLDCO, LLC

**Signature Name** /s/ Michael Healy

**Name Of Signer** Michael Healy

**Signature Title** Member of Managing Member

**Signature Date** 2014-06-09



### Additional Files

| File | Sequence | Description | Type | Size |
|------|----------|-------------|------|------|
| 0001609886-14-000001.txt (https://sec.report/Document/0001609886-14-000001/0001609886-14-000001.txt) | | Complete submission text file | | 7078 |

© 2021 SEC.report | Contact (https://sec.report/contact.php) |  (https://www.reddit.com/search/?q=site%3Asec.report) |  (https://twitter.com/EdgarInsider)

Data is automatically aggregated and provided "as is" without any representations or warranties, express or implied. SEC.report is not affiliated with the U.S. S.E.C. or EDGAR System. Disclosure & Privacy Policy (https://sec.report/privacy_policy.php)

SEC CFR Title 17 of the Code of Federal Regulations. (https://ecfr.io/Title-17/)

